IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:20-cv-985-MHT-CWB |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| PUBLIC HEALTH, | ) | |
| | ) | |
| Defendants. | ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE

Kimberly Patrick ("Plaintiff") filed this action on November 25, 2020 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2).  Referral then was made to the Magistrate Judge for "consideration and disposition or recommendation on all pretrial matters as may be appropriate."  (Doc. 4).  The Magistrate Judge in turn granted Plaintiff's request for *in forma pauperis* status and directed that service of process be deferred pending threshold review of the Complaint under 28 U.S.C. § 1915(e).  (Doc. 5).  Having now conducted such review, the undersigned Magistrate Judge recommends that this action be dismissed with prejudice.

I.      Summary of Allegations

The Complaint alleges that Plaintiff was formerly employed by Defendant at the Bureau of Clinical Laboratories from October 2015 through December 2017.  (Doc. 1 at ¶ 5). Plaintiff more specifically alleges that she experienced unlawful discrimination during her employment by not being afforded the same opportunities as other employees who had previously held her position.  (*Id*. at ¶ 9).  According to Plaintiff, such discrimination occurred during July 2016 and was based upon her "age" and "race."   (*Id*. at ¶¶ 4 & 8).

1

Plaintiff has accompanied the Complaint with a formal Charge of Discrimination that appears to have been filed with the EEOC on or about April 13, 2018 (Doc. 1-1 at pp. 3-4), along with a corresponding Dismissal and Notice of Rights dated August 28, 2020 (Doc. 1-1 at pp. 1-2). The body of the Complaint confirms that the Charge of Discrimination was filed in April 2018 and further avers that the right-to-sue letter was received on or about September 1, 2020. (Doc. 1 at ¶ 11). Just as with the Complaint, the Charge of Discrimination alleges that Plaintiff experienced unlawful discrimination due to her "age" and "race." (Doc. 1-1 at p. 3).

## II.     Legal Standard

Because the court has granted Plaintiff leave to proceed *in forma pauperis* (Doc. 5), her claims are subject to threshold screening under 28 U.S.C. § 1915(e).  Section 1915(e) in turn provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous[1] or malicious, (ii) fails to state a claim on which relief may be granted;[2] or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1]    A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted).

[2]    Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.     Discussion

It is well settled that a plaintiff asserting claims under Title VII for discrimination must exhaust administrative remedies before being permitted to pursue a civil action.  *See, e.g., Wilkerson v. Grinnel Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).  To exhaust those remedies, a plaintiff first must file a charge of discrimination with the EEOC within 180 days after the alleged improper employment action.  *See* 42 U.S.C. § 2000e-5(e)(1); *see also Shi v. Montgomery*, 679 F. App'x 828, 831 (11th Cir. 2017) ("Alabama is a non-deferral state.  For a charge to be timely in non-deferral states, it must be filed within 180 days of the last discriminatory act.") (internal citations omitted).[3]  A related civil action can be brought in a judicial forum only after the EEOC has notified the plaintiff of its administrative determination on the underlying charge. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Burnett v. City of Jacksonville, FL*, 376 F. App'x 905, 906 (11th Cir. 2010) ("'Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge.'") (quoting *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir.1996) (citation omitted) (cleaned up)). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citation omitted and alteration in original).

---

[3] "In 'deferral' states—those states that have an EEOC-like state administrative agency—a charge of discrimination must first be filed with the state agency, and the filing period is extended to 300 days." *Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1178 n.13 (11th Cir. 2005), *aff'd*, 550 U.S. 618 (2007), *overturned due to legislative action* (Jan. 29, 2009).

3

Here, it is apparent from the record that Plaintiff failed to properly exhaust her administrative remedies prior to filing suit in this court.  The Complaint expressly alleges a discrete occurrence of discrimination within the month of July 2016.  (Doc. 1 at ¶ 8).  By her own admission, however, Plaintiff's formal Charge of Discrimination was not filed with the EEOC until April 2018—approximately 21 months later.  (*Id*. at ¶ 11; *see also* Doc. 1-1 at p. 3).  It thus is clear that the Charge of Discrimination was untimely and, as such, failed to satisfy Plaintiff's obligation to exhaust administrative remedies.  *See, e.g., Rizo v. Alabama Dept. of Hum. Res.,* 228 F. App'x 832, 835 (11th Cir. 2007) ("Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge.") (citation omitted); *See also Jordan v. City of Montgomery*, 283 F. App'x 766, 767 (11th Cir. 2008).[4]

## IV.    Conclusion

Accordingly, for the reasons stated above, the undersigned Magistrate Judge hereby RECOMMENDS that the Complaint (Doc. 1) be DISMISSED WITH PREJUDICE as frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B)(i).

It is hereby ORDERED that any objections to this Recommendation be filed no later than December 21, 2022, the parties may file written objections to this Recommendation.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

---

[4] "Limitations requirements are not jurisdictional and thus subject to equitable tolling and wavier. Ordinarily, then, courts should refrain from dismissing a Title VII action sua sponte on the basis of untimeliness."  *Dauphin v. Geren*, No. CV409-141, 2009 WL 3233148, at *1 n. 4 (S.D. Ga. Oct. 7, 2009) (internal citations omitted).  However, "where the untimeliness of an action is clear from the face of the complaint and the plaintiff has been granted leave to proceed in forma pauperis, the court may dismiss sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii)."  *Id*.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 30th day of November 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**